FILED
2019 Feb-07  AM 09:52
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **CARTAVIOUS WASHINGTON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.:** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TRANS TEXAS EXPRESS,** | ) | |
| **INC., ET. AL.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

TO:   Andrew J. Moak
      Attorneys for Plaintiff
      Shunnarah Injury Lawyers, P.C.
      2900 1st Avenue South
      Birmingham, Alabama 35223

In accordance with 28 U.S.C. Sections 1332, 1441, and 1146, you are hereby notified that Defendant Trans Texas Express, Inc. ("TRANS TEXAS") gives notice of its removal of *Cartavious Washington v. Trans Texas Express, Inc.* Civil Action No. CV-2018-904746, filed in the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division. This removal is proper pursuant to 28 U.S.C. Sections 1332, 1441, and 1446.  As grounds for this Notice, TRANS TEXAS states as follows:

## I.     INTRODUCTION AND BACKGROUND:

1.     This action was originally filed in the Circuit Court of Jefferson County, Alabama as Civil Action 01-CV-2018-904746.  A copy of the Summons and Complaint were issued to Trans Texas Express, Inc. on August 30, 2018. (Exhibit 1, Service Information).  To date, the State Court file does not show the date of service on TRANS TEXAS, but, this filing is timely. (*See* Exhibit 1). Further, Plaintiff's Motion to Transfer Venue admits that the Plaintiff has not served Trans Texas. (Exhibit 2; Pl.'s Motion to Transfer).

3.     Plaintiff stated that he is an adult resident and citizen of Macon County, State of Alabama. (Exhibit 2; Compl., ¶ 1.)

4.     Plaintiff stated that Trans Texas Express, Inc. is a foreign corporation with its principle place of business in Laredo, Texas. (Compl., ¶ 2.)

5.     Plaintiff alleges that Pedro H. Fernandez was the driver and/or operator of a commercial motor vehicle owned and/or leased by Trans Texas Express, Inc. caused a collision between such vehicle and a vehicle occupied and operated by Plaintiff on January 31, 2017. (Compl., ¶¶ 5-14.)

6.     Specifically, Plaintiff assert claims of *respondeat* superior (Count I), (*id*. pp. 5-7), negligent hiring, training, retention, and supervision (Count I), (*id*. pp. 7-9), negligence per se (Count III), *id*. pp. 9-12.

7.      Plaintiff claims the following legal injuries: suffered serious injuries to his person attended by great physical pain and mental anguish, and was permanently injured and disfigured; was caused to incur and in the future will incur large sums of money for doctor, hospital, drug and other medical expenses in an effort to heal and cure said injuries; suffered past, present and future lost earnings and lost earning capacity; suffered permanent diminished ability to earn wages or salary and/or loss of earnings, and seeks both compensatory and punitive damages.  (Compl., ¶ 19.)

8.      This action concerns alleged personal injuries for the Plaintiff related to a motor vehicle collision which occurred in Montgomery County, Alabama on January 31, 2017.

9.      Defendant Trans Texas Express, Inc. appears solely for the purpose of filing this Notice of Removal and preserves and reserves all rights, defenses, exceptions and claims without waiver thereof.   TRANS TEXAS pleads improper service, improper service of process, improper venue, and lack of personal jurisdiction.  Fed. R. Civ. P. 81 (c) (2); *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675 (11th Cir. 2013) ("the removal of an action from state court to federal court does not waive any Rule 12(b) defenses".).

10.      Pursuant to 28 U.S.C. Section 1446(a), a copy of all process, pleadings and orders in the state court action summary are attached as Exhibits 1-2.

11.    The United States District Court for the Northern District of Alabama, Southern Division, has original subject matter jurisdiction of this civil action because there is complete diversity of citizenship among all properly joined parties pursuant to 28 U.S.C. Section 1332 and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   Since the Complaint was originally filed in the Circuit Court of Jefferson County, Alabama, this District is the proper venue upon removal in accordance with 28 U.S.C. Section 1441 (a).

## II. Statement of the Facts

12.    On January 31, 2017, at approximately 5:50 p.m., the Ford super cab truck being operated by Walter O. Griffin, Jr. ("Griffin") collided with Defendant Pedro H. Fernandez's Kenworth's tractor trailer. (*See* Exhibit 3*; Anderson Aff. and Attach.; Exhibit 4, Pictures of the Scene of the Accident.)  Both were driving on Interstate 85 Southbound near the Chantilly exit in Montgomery, Alabama when Griffin merged into the right side of the Trans Texas trailer. (*See* Id). Pedro H. Fernandez ("Fernandez") was driving an 18-wheeler on behalf of Defendant Trans Texas Express, Inc. (Compl., ¶17.) The collision to the right side of Fernandez' tractor trailer pushed it over to the left most lane, producing a second collision with a 3rd vehicle that was also moving southbound in the left-hand lane of Interstate 85. (Exhibit 5, Accident Report; *see also* Exhibit 3, Anderson Aff. and Attach.; Exhibit 4, Pictures of the Scene of the Accident.) As a result of the impact from Griffin's

truck to Trans Texas trailer, the 18-wheeler operated by Fernandez overturned into the median, lumber was scattered across the median, and a 3rd vehicle, the Plaintiff's, also came to rest in the median. (Id.)

## III. GROUNDS FOR REMOVAL:

12.     As plead in the Complaint, Plaintiff is a resident citizen of the State of Alabama, and, pursuant to the Complaint, resides in the State of Alabama.  (Compl., ¶ 1.)

13.     Defendants Trans Texas Express, Inc. is not a domestic Corporation of the State of Alabama, within the meaning of the Judiciary Article of the Constitution of the United States and the Acts of Congress, creating diversity of jurisdiction in federal courts in Alabama and governing the removal of causes from state courts to federal courts on the ground of diversity of citizenship. (Compl., ¶ 2.)

14.     For purposes of removal, "the citizenship of the defendants sued under fictitious names shall be disregarded." 28 U.S.C. Section 1441(a).  Rather, in determining whether diversity of citizenship exists, only the names defendants are properly considered. *Walker v. CSX Transp., Inc.*, 650 F.3d 1392 (11th Cir. 2011). Thus the inclusion of fictitious defendants in the Plaintiff' *Complaint* does not affect removability.  28 U.S.C. Section 1441 (a); *Greer v. Skilcraft*, 704 F.Supp. 1570 (N.D. Ala. 1989).

15.     Given the foregoing, there is complete diversity of citizenship among all parties pursuant to 28 U.S.C. Section 1332.

16.     It is facially apparent from Plaintiff's *Complaint* that the Plaintiff seeks both compensatory (for bodily injuries inclusive of mental anguish and emotional distress) and punitive damages that the requisite amount in controversy is satisfied. Here, under the totality of the circumstances--claims and damages combined, as alleged in the Original Complaint, Plaintiff would recover more than the sum of $75,000.00 if he prevails in the lawsuit.

17.     Where, as here, Plaintiff have not plead a specific amount of damages in their State Court *Complaint*, "removal from state court is jurisdictionally proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional amount." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 745 (11th Cir. 2010).

18.     In cases like this, where the Plaintiff seeks an unspecified amount of damages, a removing defendant can combine the claims of a Plaintiff and must prove by a preponderance of the evidence that the Plaintiff, singularly or combined, would recover more than $75,000.00 if he or she prevailed in the lawsuit. *Tapscott v. MDS Dealer Serv. Corp*, 77 F.3d 1353 (11th Cir. 1996).

19.     A removing defendant may satisfy the above burden by showing either that (1) it is "facially apparent from the Plaintiff' pleading itself that the amount in

6

controversy exceeds the jurisdictional minimum" or (2) there is "additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010).

20.   According to the Supreme Court of the United States, the current burden of proof standard when adjudicating motions to remand like this one is: "§ 1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA), clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, **both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.**" *Dart Cherokee Basin Operating Co. LLC v. Owens,* 135 S. Ct. 547, 554 (2014) (emphasis added).

20.    In seeking punitive damages against Defendants, the Court can find on its face that the alleged damages are in excess of $75,000.00. *Smith v. State Farm Fire & Casualty Co.,* 868 F.Supp.2d 1333, 1335 (N.D. Ala. 2012); *Jones v. Hartford Fire Ins. Co.,* 2013 WL 550419, at *1 (N.D. Ala. Feb. 7, 2013) (emphasis made)("[T]he moment a state court Plaintiff seeks unspecified damages of various kinds, *such as punitive damages, or emotional distress* or attorneys' fees….The claim automatically is deemed to exceed $75,000.00 and becomes removable under 28 U.S.C. Section 1332); *Tucker v. Northbrook Indem. Co.,* No. 13-1857, 2013 WL 5961095, at *1 (N.D. Ala. Nov. 7, 2013) (emphasis added) (stating that it is

"virtually impossible to demonstrate" that punitive damages allegations are not asking for recovery beyond $75,000.00).

21.   Further, this District Court has tied out-of-state defendants' hands by ordering them to remove within the thirty-day prescription in cases where a plaintiff alleges punitive damages. *Tucker v. Northbrook*, 2013 WL 5961095 (N.D. Ala. 2013) (finding the removal untimely given "straightforward prayers for punitive damages", and the "clear facial possibility of an award exceeding $75,000 in each case was an alarm bell…[which] triggered the 30 day removal period"). If not removed within this period of time, out-of-state defendants will find themselves in state court. *Id*.

21.   This District Court in Alabama has held that a Plaintiff "who wants to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, *such as punitive damages . . .,* must in [his] complaint formally and expressly disclaim any entitlement to more than $74,9999.99, and categorically state that plaintiff will never accept more.  Otherwise, a plaintiff will find [himself] in federal court. . . ." *Smith v. State Farm Fire and Casualty Co.,* 868 F.Supp.2d 1333, 1335 (N.D. Ala. 2012) (emphasis made).

22.   The Eleventh Circuit allows the district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine if the amount in controversy is met from the face of the pleadings. *Pretka v. Kolter*

*City Plaza II, Inc.,* 608 F.3D 744, 753 (11ᵗʰ Cir. 2010). This Court has further held that the district court need not "suspend reality or shelve common sense in determining whether the face of the complaint . . . establishes the jurisdictional amount." *Roe v. Michelin N. America, Inc.,* 637 F.Supp. 2d 995, 999 (M.D. Ala. 2009).

23.     Here, Plaintiff alleges that TRANS TEXAS is liable for punitive damages due to the wrongful conduct of Trans Texas' employee on the day of the subject accident.

24.     In addition to seeking punitive damages, Plaintiff seeks damages for "mental anguish and emotional distress." (Compl., ¶ 19.) A mental anguish claim is "reserved to the jury," and any verdict award is "presumed correct." *See e.g.* George H. Memorial Hospital v. Andrews, 901 So. 2d 714, 725 (Ala. 2004) (finding that mental-anguish-damages award of $200,000 was not excessive).

25.     Further, given the extensive list of injuries averred by the Plaintiff in his Complaint, and then coupled with the mental anguish claim, a reasonable jury, finding in the Plaintiff favor, would likely render a verdict in excess of the governing jurisdictional amount. When adding the punitive damages with the other claims and damages alleged by the Plaintiff, the jurisdictional amount is clearly satisfied by the Plaintiff.

26.     And the evidence shows a major vehicular accident. The pictures from the accident scene and the overturned vehicles, and the damages to the Trans Texas' tractor trailer show that significant damage was caused as a result of Walter Griffin's truck impacting the right side of Trans Texas' truck, which pushed it over to the left lane of I-85 to then overturn on top or in front of Plaintiff's vehicle. As such, as a whole, the Plaintiff's Complaint rang the removal "alarm bell," given the obvious punitive damages. *Id*.  Thus, removal is proper here because the Complaint and the attached evidence shows that the amount in controversy is more than $75,000.

27.     A copy of the Notice of Removal is being served on the Plaintiff by and through their attorneys of record and upon the Clerk of the Circuit Court of Jefferson County, Alabama.

WHEREFORE, Defendant Trans Texas Express, Inc. serves this Notice and hereby removes this case pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, and Plaintiff is notified to proceed no further in this case in the Circuit Court of Jefferson County, Alabama unless by Order of the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted this 6th day of February, 2019.

*s/Keri D. Simms*
Keri. D. Simms (ASB-9801-M63K) (SIM042)
Francisco F. Canales (ASB-1976-S21Q) (CAN025)
Attorneys    for    Defendant    Trans    Texas
Transportation, Inc.
Webster Henry Firm, P.C.

Suite 445 East
Two Perimeter Park South
Birmingham, Alabama 35243
Phone: (205) 380-3480
Facsimile: (205) 380-3485
Email: Ksimms@websterhenry.com

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CARTAVIOUS WASHINGTON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.:** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TRANS TEXAS EXPRESS,** | ) | |
| **INC., ET. AL.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on today's date, February 6, 2019, I sent a true and correct copy of the foregoing Notice of Removal along with all attached exhibits to the following Counsel for all parties to these proceedings and further that there are no pro se parties:

> Andrew J. Moak
> Attorneys for Plaintiff
> Shunnarah Injury Lawyers, P.C.
> 2900 1st Avenue South
> Birmingham, Alabama 35223

> *s/Keri D. Simms*
>
> OF COUNSEL