FILED
2019 Feb-07  AM 09:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

Exhibit 1

(Service Information)

# ALABAMA SJIS CASE DETAIL

**PREPARED FOR: MI**



County: **01**     Case Number: **CV-2018-904746.00**     Court Action:

Style: **CARTAVIOUS WASHINGTON V. TRANS-TEXAS EXPRESS, INC.**

## Case

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | **01-JEFFERSON -** | Case Number: | **CV-2018-904746.00** | Judge: | **MJH:MARSHEL** |
| Style: | **CARTAVIOUS WASHINGTON V. TRANS-TEXAS EXPRESS, INC.** | | | | |
| Filed: | **11/27/2018** | Case Status: | **ACTIVE** | Case Type: | **NEGLIGENCE** |
| Trial Type: | **JURY** | Track: | | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **1** | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | **0** | Num of Liens: | **0** | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | : | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

### Comments

Comment 1:

Comment 2:

### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date Of Appeal: | | Disposition Type Of Appeal: | | | |

### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subponeas: | | Last Update: | **11/27/2018** | Updated By: | **AJA** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - WASHINGTON CARTAVIOUS

#### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **WASHINGTON CARTAVIOUS** | Type: | I- |
| Index: | **D TRANS-TEXAS** | Alt Name: | | Hardship: | **No** | JID: | N |
| Address 1: | **112 BAY STREET** | | | Phone: | **(205) 000-0000** | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Address: | | | | | | | |
| City: | **TUSKEGEE** | State: | **AL** | | Zip: | **36083-0000** | Country: U |
| SSN: | **XXX-XX-X999** | DOB: | | | Sex: | | Race: |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email |
|---|---|---|---|---|
| Attorney 1 | MOA001 | | MOAK ANDREW JOSEPH | AMOAK@ASILPC.COM |

## Party 2 - Defendant BUSINESS - TRANS-TEXAS EXPRESS, INC.

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **TRANS-TEXAS EXPRESS, INC.** | | | Type: | B |
| Index: | **C WASHINGTON C** | Alt Name: | | Hardship: | **No** | JID: | N |
| Address 1: | **C/O BLANCA E. RODRIGUEZ** | | | Phone: | **(205) 000-0000** | | |
| Address 2: | **313 PINTO VALLE DRIVE** | | | | | | |
| City: | **LAREDO** | State: | **TX** | | Zip: | **78405-0000** | Country: U |
| SSN: | **XXX-XX-X999** | DOB: | | | Sex: | | Race: |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | **11/29/2018** | Issued Type: **C-CERTIFIED MAIL** | Reissue: **01/04/2019** | Reissue Type: **M-MAIL** |
| Return: | **12/30/2018** | Return Type: **R-REFUSED** | Return: | Return Type: |
| Served: | **01/07/2019** | Service Type **M-MAIL** | Service On: | Served By: |
| Answer: | | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email |
|--------|---------------|-----------------|------|-------|
| Attorney 1 | 000000 | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold |
|------------|-----------|----------|-------|-------|------------|-------------|---------|-------------|
| ACTIVE | N | AOCC | C001 | 000 | $8.04 | $8.04 | $0.00 | $0.00 |
| ACTIVE | N | CONV | C001 | 000 | $0.00 | $18.36 | $0.00 | $0.00 |
| ACTIVE | N | CV05 | C001 | 000 | $308.00 | $306.00 | $0.00 | $0.00 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 |
| | | | | Total: | $459.04 | $477.40 | -$18.36 | $0.00 |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason |
|------------------|-------------|---------------------|-------------------|----------------|--------|------------|----------|------------|-----------|--------|
| 11/30/2018 | CREDIT | CONV | 2019040 | 2630 | $18.36 | C001 | 000 | | N | |
| 11/30/2018 | RECEIPT | AOCC | 2019040 | 2620 | $8.04 | C001 | 000 | | N | |
| 11/30/2018 | RECEIPT | CV05 | 2019040 | 2640 | $306.00 | C001 | 000 | | N | |
| 11/30/2018 | RECEIPT | JDMD | 2019040 | 2650 | $100.00 | C001 | 000 | | N | |
| 11/30/2018 | RECEIPT | VADM | 2019040 | 2660 | $45.00 | C001 | 000 | | N | |

## Case Action Summary

| Date | Time | Code | Comments |
|------|------|------|----------|
| 11/27/2018 | 4:26 PM | ECOMP | COMPLAINT E-FILED. |
| 11/27/2018 | 4:27 PM | FILE | FILED THIS DATE: 11/27/2018     (AV01) |
| 11/27/2018 | 4:27 PM | EORD | E-ORDER FLAG SET TO "Y"     (AV01) |
| 11/27/2018 | 4:27 PM | ASSJ | ASSIGNED TO JUDGE: MICHAEL G GRAFFEO     (AV01) |
| 11/27/2018 | 4:27 PM | SCAN | CASE SCANNED STATUS SET TO: N     (AV01) |
| 11/27/2018 | 4:27 PM | TDMJ | JURY TRIAL REQUESTED     (AV01) |
| 11/27/2018 | 4:27 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE     (AV01) |
| 11/27/2018 | 4:27 PM | ORIG | ORIGIN: INITIAL FILING     (AV01) |
| 11/27/2018 | 4:27 PM | C001 | C001 PARTY ADDED: WASHINGTON CARTAVIOUS     (AV02) |
| 11/27/2018 | 4:27 PM | C001 | INDIGENT FLAG SET TO: N     (AV02) |
| 11/27/2018 | 4:27 PM | C001 | LISTED AS ATTORNEY FOR C001: MOAK ANDREW JOSEPH |
| 11/27/2018 | 4:27 PM | C001 | C001 E-ORDER FLAG SET TO "Y"     (AV02) |
| 11/27/2018 | 4:27 PM | D001 | D001 PARTY ADDED: TRANS-TEXAS EXPRESS, INC. (AV02) |
| 11/27/2018 | 4:27 PM | D001 | INDIGENT FLAG SET TO: N     (AV02) |
| 11/27/2018 | 4:27 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE     (AV02) |
| 11/27/2018 | 4:27 PM | D001 | CERTIFIED MAI ISSUED: 11/27/2018 TO D001     (AV02) |
| 11/27/2018 | 4:27 PM | D001 | D001 E-ORDER FLAG SET TO "Y"     (AV02) |
| 11/28/2018 | 4:22 PM | D001 | CERTIFIED MAI ISSUED: 11/29/2018 TO D001     (AV02) |
| 11/28/2018 | 4:26 PM | ESCAN | SCAN - FILED 11/27/2018 - NOTICE |
| 1/4/2019 | 1:52 PM | D001 | RETURN OF REFUSED ON 12/30/2018 FOR D001     (AV02) |
| 1/4/2019 | 1:53 PM | ESERC | SERVICE RETURN |
| 1/4/2019 | 1:53 PM | D001 | REISSUE OF MAIL ON 01/04/2019 FOR D001     (AV02) |

| 1/4/2019 | | | | |
| 2/6/2019 | 11:59 AM | EMOT | C001-CHANGE OF VENUE/TRANSFER FILED. | |
| 2/6/2019 | 1:07 PM | EMOT | C001-CHANGE OF VENUE/TRANSFER /DOCKETED | |

## *Images*

| Date: | Doc# | Title | Description |
|---|---|---|---|
| 11/27/2018 4:27:00 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE |
| 11/27/2018 4:27:01 PM | 2 | COMPLAINT | |
| 11/27/2018 4:27:01 PM | 3 | INTERROGATORIES(R33)  | Plaintiff's First Combined Discovery to Defendant |
| 11/27/2018 4:28:12 PM | 4 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS |
| 11/27/2018 4:28:13 PM | 5 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS |
| 11/28/2018 4:26:53 PM | 6 | NOTICE | S/C |
| 1/4/2019 1:53:44 PM | 8 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS |
| 1/4/2019 1:53:39 PM | 7 | SERVICE RETURN | SERVICE RETURN |
| 2/6/2019 11:59:56 AM | 9 | MOTION_COVER_SHEET | Motion Cover Sheet |
| 2/6/2019 11:59:56 AM | 10 | MOTION | Motion to Transfer Venue |
| 2/6/2019 11:59:58 AM | 11 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS |

*END OF THE REPORT*

DOCUMENT 6



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
CARTAVIOUS WASHINGTON V. TRANS-TEXAS EXPRESS, INC.

01-CV-2018-904746.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $8.04

Parties to be served by Certified Mail - Return Receipt Requested

TRANS-TEXAS EXPRESS, INC.                          Postage: $8.04
C/O BLANCA E. RODRIGUEZ
313 PINTO VALLE DRIVE
LAREDO, TX 78405

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $ _____
☐ Return Receipt (electronic)     $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required        $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7018 2290 0000 5737 4867

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TRANS-TEXAS EXPRESS, INC.
C/O BLANCA E. RODRIGUEZ
313 PINTO VALLE DRIVE
LAREDO, TX 78405

9590 9402 4424 8248 9002 52

2. Article Number (Transfer from service label)

7018 2290 0000 5737 4867

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

DOCUMENT 7



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TRANS-TEXAS EXPRESS, INC.
C/O BLANCA E. RODRIGUEZ
313 PINTO VALLE DRIVE
LAREDO, TX 78405

9590 9402 4424 8248 9002 52

2. Article Number (Transfer from service label)
7018 2290 0000 5737 4867

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express
☐ Registered Mail
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

DOCUMENT 7



VIA 000 JEFF CO COURTHOUSE
& RICHARD ARRINGTON JR BLVD., NO.
BIRMINGHAM, ALABAMA 35203

REF

12-3-18

M-28

13

Refused

7018 2290 0000 5737 4867

RETURN TO SENDER
REFUSED
UNABLE TO FORWARD
731  DE  1
NIXIE
BC:  35203610093  *2326N264192-00671

To:  TRANS-TEXAS EXPRESS, INC.
C/O BLANCA E. RODRIGUEZ
313 PINTO VALLE DRIVE
LAREDO, TX. 78405

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
JAN 02 2019
ANNE-MARIE ADAMS
CLERK




U.S. POSTAGE
ZIP 35203
02  4W
0000353985NOV 29, 201
$ 008.04

Exhibit 2


(Plaintiff's Original Complaint and Motion to Transfer)

DOCUMENT 2



# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CARTAVIOUS WASHINGTON, an )
individual, )
        )
     Plaintiff, )
        )
v. )           Case No.: CV-2018-_____
        )
TRANS TEXAS EXPRESS, INC., a )

foreign corporation; and No. 1, whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which owned, leased or was otherwise in possession or control of the vehicles being driven by Pedro H. Fernandez on the date of the incident forming the basis of the Plaintiff's Complaint; No. 2, whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which employed or who or which was the employer of Pedro H. Fernandez on the date of the incident forming the basis of the Plaintiff's Complaint; No. 3, whether singular or plural, that entity or those entities, including, but not limited to, the drivers of the commercial motor vehicles whose negligence caused the Plaintiff's injuries on the date of the incident forming the basis of the Plaintiff's Complaint; No. 4, whether singular or plural, that entity or those entities, including, but not limited to, the drivers of the commercial motor vehicles whose wantonness, recklessness or willfulness caused the Plaintiff's injuries on the occasion forming the basis of the Plaintiff's Complaint; No. 5, whether singular or plural, that entity or those entities, including, but not limited to, that entity or those entities who or which was the master, principal or employer of the drivers of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint; No. 6, whether singular or plural, that entity or those entities for whom the drivers of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint were performing a duty or service at the time of the incident; No. 7, whether singular or plural, that entity or those entities, including, but not limited to, that entity or those entities on whose behalf the commercial motor vehicles involved in the collision forming the basis of this lawsuit were being operated at the time of the incident forming the basis of the Plaintiff's Complaint; No. 8, whether singular or plural, that entity or those entities that selected, hired, trained, supervised or retained the drivers of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint; No. 9, whether singular or plural, that entity or those entities who or which are responsible for the negligent or wanton hiring, training or supervision of the drivers of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint; No. 10, whether singular or plural, that entity or those entities that issued any policy of insurance that provided coverage for the Plaintiff's injuries received as a result of the incident forming the basis of the Plaintiff's Complaint, including, but not limited to, uninsured/underinsured motorist coverage, secondary, "umbrella," and/or excess insurance coverage; No. 11, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the drivers or the owners of the commercial motor vehicles involved in the incident forming the basis of the Plaintiff's Complaint; No. 12, whether singular or plural, that entity or those entities who or which are the successor-in-interest of any of the entities described herein; No. 13, whether singular or plural, that entity or those entities who or

DOCUMENT 2

which are the predecessor-in-interest of any of those entities described herein; **No. 14,** whether singular or plural, that entity or those entities whose negligent, wanton, reckless or willful conduct caused or contributed to cause the collision forming the basis of the Plaintiff's Complaint; **No. 15,** whether singular or plural, that entity or those entities that maintained the commercial motor vehicles and whose negligence, wantonness, recklessness or willfulness caused or contributed to cause the Plaintiff's injuries; and **No. 16,** whether singular or plural, that entity or those entities that either sold, gave or otherwise provided intoxicating beverages to the drivers of the commercial motor vehicles involved in the collision forming the basis of the Plaintiff's Complaint. The Plaintiff avers that that identities of the fictitious parties Defendant are otherwise unknown to the Plaintiff at this time, or if their names are known, their identities as proper parties Defendant are not known to the Plaintiff at this time, but their true names will be substituted by amendment when ascertained,                                              )
                                                                   )
                                                                   )
**Defendants.**                                    )

## COMPLAINT

COMES NOW Plaintiff CARTAVIOUS WASHINGTON, and for the relief hereinafter sought, respectfully shows unto this Honorable Court as follows:

### Parties

1.     Plaintiff CARTAVIOUS WASHINGTON is an adult resident citizen of Macon County, Alabama.

2.     Defendant TRANS TEXAS EXPRESS, INC. is, upon information and belief, a foreign corporation with its principal place of business in Laredo, Texas.

3.     At the time of the collision forming the basis of this civil action, Defendant TRANS TEXAS EXPRESS, INC. was operating in and doing business in the State of Alabama.

4.     On or about January 31, 2017, Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 owned and/or leased, maintained and controlled a 2011 Kenworth commercial motor vehicle (VIN # 1XKAD49X3BJ290851) involved in a collision with Plaintiff CARTAVIOUS WASHINGTON.

DOCUMENT 2

5.      Pedro H. Fernandez was at all times pertinent to this civil action an employee working for and under the control of Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was the operator of the 2011 Kenworth commercial motor vehicle (VIN # 1XKAD49X3BJ290851) owned and/or leased, maintained and controlled by Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 on January 31, 2017.

6.      All of the acts and omissions of Pedro H. Fernandez alleged in this civil action were acts and omissions that occurred while Pedro H. Fernandez was acting within the line and scope of his employment as an employee of Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

7.      This Complaint is brought against all employees and agents of Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and against the officers, directors, managerial agents, supervisors and safety personnel for Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 who set policy or who play any role in the policymaking process, or any role in the hiring, training, retention and supervision of the employees of Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

DOCUMENT 2

8.    Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 as a legal entity, can only act through its officers, employees and agents.  As the employer of those who set policies and play any role in the hiring, training, retention and supervision of the employees, Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 are responsible for its tortious acts or omissions that are the direct and proximate cause of injuries to Plaintiff CARTAVIOUS WASHINGTON.

### Factual Allegations

9.    The Plaintiff adopts and incorporates paragraphs one (1) through eight (8) as if fully set out herein.

10.    On or about January 31, 2017, Plaintiff CARTAVIOUS WASHINGTON was Northbound on I-85 in Montgomery County, Alabama, between Taylor Road and Atlanta Highway.

11.    At the same time and place, Pedro H. Fernandez was operating a commercial motor vehicle that was leased and/or owned by Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was also Northbound on I-85 in Montgomery County, Alabama, between Taylor Road and Atlanta Highway.

12.    At the same time and place, Pedro H. Fernandez was employed by and was acting within the line and scope of his employment as a driver and hauler working for the commercial benefit of Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties

DOCUMENT 2

Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

13.   At the same time and place, Pedro H. Fernandez caused and/or allowed his commercial vehicle to collide with the vehicle operated by Plaintiff CARTAVIOUS WASHINGTON.

14.   As a direct and proximate consequence of the collision described herein, the Plaintiff was caused to suffer personal injuries and damages as described with particularity in paragraph nineteen (19), below.

**Count One**
***Respondeat Superior***
**(Trans Texas Express, Inc.)**

15.   The Plaintiff adopts and incorporates paragraphs one (1) through fourteen (14) as if fully set out herein.

16.   At the time and place of the collision forming the basis of this civil action, Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 were the principal, master and/or employer of Pedro H. Fernandez.

17.   At the time and place of the collision forming the basis of this civil action, Pedro H. Fernandez was the agent, servant and/or employee of Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

18.   At the time and place of the collision forming the basis of this civil action, Pedro H. Fernandez was acting within the line and scope of his employment with Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described

DOCUMENT 2

herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 and was operating a commercial motor vehicle in furtherance of the business purposes of Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

19.     As a result of the foregoing, Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16, as principals, are vicariously liable to Plaintiff CARTAVIOUS WASHINGTON for the negligent, wanton, reckless or willful conduct of Pedro H. Fernandez, as agent, which proximately caused injuries and damages to Plaintiff CARTAVIOUS WASHINGTON, including, but not limited to:

   a.     The Plaintiff was caused to suffer injuries to his person that were and are attended by physical pain and suffering;

   b.     The Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat and cure his injuries;

   c.     The Plaintiff suffered permanent injuries and disfigurement;

   d.     The Plaintiff suffered mental anguish and emotional distress; and

   e.     The Plaintiff suffered past, present and future lost earnings and lost earning capacity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff CARTAVIOUS WASHINGTON requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter

DOCUMENT 2

similar future conduct. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

**Count Two**
**Negligent Hiring, Training, Retention & Supervision**
**(Trans Texas Express, Inc.)**

20.      The Plaintiff adopts and incorporates paragraphs one (1) through nineteen (19), as if fully set out herein.

21.      At all times relevant to the events forming the basis of this civil action, Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 owed a duty to Plaintiff CARTAVIOUS WASHINGTON, and to the other members of the motoring public, to exercise reasonable care in:

      a.      Hiring and retaining their drivers;

      b.      Providing training and instruction to their drivers;

      c.      Properly supervising their drivers;

      d.      Complying with federal, state or local regulations concerning the inspection, maintenance and operation of their commercial motor vehicles;

      e.      Ensuring that their drivers comply with applicable company policies, as well as all federal, state or local regulations concerning the inspection, maintenance and operation of their commercial motor vehicles;

      e.      Establishing safe procedures for the operation of their commercial motor vehicles; and

      f.      Inspecting, maintaining and repairing their commercial motor vehicles.

22.      At all times relevant to the events forming the basis of this civil action, Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and

DOCUMENT 2

described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 breached the

duties set forth above by failing to use reasonable care in the:

      a.    Hiring of their drivers, employees or agents, including Pedro H. Fernandez;

      b.    Training of their drivers, employees or agents, including Pedro H. Fernandez;

      c.    Retention of their drivers, employees or agents, including Pedro H. Fernandez;

      d.    Supervision of its business operations, by failing to properly monitor the driving habits and records of their drivers, employees or agents in a manner consistent with accepted industry practices, including Pedro H. Fernandez;

      e.    Instruction of their drivers, employees or agents, including Pedro H. Fernandez;

      f.    Supervision of their drivers, employees or agents, including Pedro H. Fernandez;

      g.    Entrustment of a commercial vehicle to their drivers, employees or agents, including Pedro H. Fernandez;

      h.    Inspection of their commercial motor vehicles;

      i.    Proper execution of their business practices and procedures;

      j.    Compliance with state and federal regulations;

      k.    Enforcement of their drivers', employees' or agents' compliance with state and federal regulations, including Pedro H. Fernandez;

      l.    Utilization of available information to properly monitor their drivers, employees or agents, including Pedro H. Fernandez, for compliance with company policies, state regulation and federal regulations; and

      m.    Other ways that are as yet unknown, but may be revealed after further investigation and discovery.

23.    As the entity that employed and controlled Pedro H. Fernandez, Defendant TRANS

TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described

DOCUMENT 2

herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 failed to take the required actions to assure that he was properly hired, trained, retained and supervised.

24.    As a proximate consequence of Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16's breaches of the duties described above and specifically related to its negligent hiring, training, retention and supervision of Pedro H. Fernandez, Plaintiff CARTAVIOUS WASHINGTON suffered the injuries and damages set forth in paragraph nineteen (19), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff CARTAVIOUS WASHINGTON requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct.   Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Three
### Negligence *Per Se*

25.    The Plaintiff adopts and incorporates paragraphs one (1) through twenty-four (24), as if fully set out herein.

26.    Under the Federal Motor Carrier Safety Regulations, Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein

DOCUMENT 2

and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 owed the general public, including Plaintiff CARTAVIOUS WASHINGTON, a duty to determine the qualifications of its employees, including, but not limited to, (a) adequately evaluating applicants before hiring them as commercial drivers, and (b) adequately evaluating these persons' performance, including thorough training and supervision, so as to discharge any incompetent or negligent applicant/employee before he injures any member of the motoring public.

27.     Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 had a statutory duty to properly screen its applicants for employment.  Under the Federal Motor Carrier Safety Regulations, Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 had numerous statutory duties, including, but not limited to, the following:

a.     To ensure the general qualifications of any driver it permitted to operate one of its tractor-trailers. **49 C.F.R. §391.11 & §391.15;**

b.     To ensure that a driver it permitted to operate one of its tractor-trailers possessed the requisite familiarity with the proper location, distribution and securement of his cargo. **49 C.F.R. §391.13;**

c.     To obtain a completed employment application before permitting an applicant to operate one of its tractor-trailers. **49 C.F.R. §391.21;**

d.     To fully investigate a driver's employment history by all reasonable means. **49 C.F.R. §391.23(d)-(k);**

e.     To fully investigate the past three (3) years of a driver's driving history and to document evidence of that investigation within thirty (30) days of employment. **49 C.F.R. §391.23(a)-(c);**

f.     To properly conduct an annual inquiry and review of a driver's driving record. **49 C.F.R. §391.25;**

DOCUMENT 2

g.     To properly obtain records of all violations of motor vehicle traffic laws for each of its drivers every twelve (12) months. **49 C.F.R. §391.27;**

h.     To require a successfully completed road test before commencing employment and permitting an applicant to operate one of its tractor-trailers. **49 C.F.R. §391.31;**

i.     To ensure the physical and medical qualifications of its applicants. **49 C.F.R. §§391.41-391.49;**

j.     To maintain an appropriate driver qualification file for each of its drivers. **49 C.F.R. §391.51;**

k.     To maintain an appropriate driver investigation history file for each of its drivers. **49 C.F.R. §391.53; and**

l.     To operate its commercial motor vehicles within the operating authority granted to it by the U.S. Department of Transportation Federal Motor Carrier Safety Administration. **Form OP-1.**

28.     Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 breached each of these statutory obligations and permitted Pedro H. Fernandez to operate its commercial motor vehicles after negligible efforts, if any, to determine whether Pedro H. Fernandez was competent and fit to drive its commercial motor vehicles.

29.     Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 had a duty to comply with the Federal Motor Carrier Safety Regulations so as to protect the general public, including Plaintiff CARTAVIOUS WASHINGTON, from the unsafe operation of commercial motor vehicles hauling cargo in interstate commerce. Plaintiff CARTAVIOUS WASHINGTON belongs to the class of persons that the Federal Motor Carrier Safety Regulations were intended to protect, and the personal injuries suffered by Plaintiff

DOCUMENT 2

CARTAVIOUS WASHINGTON were the types of injuries that the federal safety regulations were specifically intended to prevent.

30.    Plaintiff CARTAVIOUS WASHINGTON's injuries were proximately caused by Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16's breaches of the statutory obligations referenced in paragraph twenty-seven (27), above.  If it had properly screened Pedro H. Fernandez' background, Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 would not have hired or retained him as a commercial driver, and this incident would not have occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff CARTAVIOUS WASHINGTON requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant TRANS TEXAS EXPRESS, INC. and one or more of the fictitious parties Defendant listed and described herein and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

Dated: This, the 27th day of November, 2018.

DOCUMENT 2

/s/ Andrew J. Moak
Andrew J. Moak (MOA001)
Attorney for the Plaintiffs

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233
P (205) 983-8163
F (205) 983-8463

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY.**

/s/ Andrew J. Moak
OF COUNSEL

**CLERK:  Please Serve Defendant by Certified Mail:**

TRANS-TEXAS EXPRESS, INC.
c/o Blanca E. Rodriguez, Registered Agent
313 Pinto Valle Drive
Laredo, Texas 78405

ELECTRONICALLY FILED
12/27/2018 4:41 PM
01-CV-2018-904246.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CARTAVIOUS WASHINGTON, an    )
individual,    )
   )
     Plaintiff,    )
   )
v.    )      Case No.: CV-2018-_____
   )
TRANS TEXAS EXPRESS, INC., a    )
foreign corporation; *et al.*,    )
   )
     Defendants.    )

## PLAINTIFF'S FIRST COMBINED DISCOVERY REQUESTS TO DEFENDANT TRANS TEXAS EXPRESS, INC.

Plaintiff hereby serves these First Combined Discovery Requests upon the Defendant, TRANS TEXAS EXPRESS, INC., to be answered under oath in accordance with *Alabama Rules of Civil Procedure* 26, 33 and 34. These combined discovery requests shall be deemed continuing so as to require supplemental answers if the person to whom the request is addressed obtains further information between the time the answers are served and the time of trial. Each request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of the Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to the aforementioned persons.

### DEFINITIONS

NOTE A:  Any reference to "you," "your," "this Defendants," "these Defendants" or any other similar reference shall be construed to acknowledge and/or otherwise identify Defendant TRANS TEXAS EXPRESS, INC., as identified in the Plaintiff's Complaint.

NOTE B:  These interrogatories and requests for production of documents shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendants or this Defendants' attorney subsequent to the original response. Any such supplemental answers are to be filed and served upon counsel for the Plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

NOTE C:   If you contend that any document or file requested is irrelevant or privileged in any way, please provide a list or index identifying all such documents (or each such documents compromising said file) by title, along with a short description of its subject matter.

NOTE D:   The terms "Plaintiff," "Plaintiffs" and/or "Plaintiff's" refers to CARTAVIOUS WASHINGTON in his individual capacity on or about the date of the injury giving rise to the present lawsuit.

### INTERROGATORIES

1.   State the full name, residence address, telephone number and relation (if any) to the Defendants in this case of all people who assisted in any way to answer these Interrogatories.

2.   Has the Defendant been identified properly? If not, please identify the proper name and state whether the Defendant is a common carrier, contract carrier or private carrier.

3.   Is the Defendant owned by or a subsidiary of another company, entity or person? If so, identify the company, entity or person by proper name and address.

4.   State the full name and current residence address of each person who witnessed or claims to have witnessed the collision forming the basis of this lawsuit.

5.   Identify the Defendant's Safety Director at the time of the collision forming the basis of this lawsuit, and identify the Defendant's Safety Director now.

6.   Identify with particularity the make, type, year and registration of the commercial motor vehicle operated by the Defendant's driver on the date forming the basis of this lawsuit.

7.   Describe the driver's trip on the date of the collision forming the basis of this lawsuit, including the point of origin, the destination, any stops and the purpose of the trip.

8.   State whether the commercial motor vehicle involved in this crash was transporting a load of cargo at the time of the incident, and if so, identify the load, the scheduled delivery time & date, and identify the names and addresses of all shippers and consignees.

9.      Identify all owners, lessors and lessees of the commercial motor vehicle involved in the collision forming the basis of this lawsuit, providing the name, address and interest in the commercial motor vehicle.

10.     State the last known address of Pedro H. Fernandez.

11.     Describe all traffic citations the Defendant driver received for a period of five (5) years before the collision forming the basis of this lawsuit, including the violation for which he was cited, the disposition of the citation, the state and court and whether the violation was in a commercial or personal vehicle.

12.     State whether the Defendant or anyone acting on the Defendant's behalf has had any conversations with any witness or potential witness at any time with regard to the collision forming the basis of this lawsuit.  If so, state:

            a.      The date or dates of such conversations;
            b.      The people present for such conversations;
            c.      Whether a statement was written or recorded; and
            d.      Who has possession of the statement if written or recorded.

13.     State whether the individual responding to these Interrogatories has ever been convicted of a misdemeanor involving dishonesty or false statement or a felony of any kind.  If so, state the nature of the crime, the date of conviction and the court in which the conviction occurred.

14.     Identify all policies, procedures, manuals and/or guidelines that the Defendant's driver was required to comply with on the date of the collision forming the basis of this lawsuit.

15.     Identify all previous employers for which/whom the Defendant has operated a commercial motor vehicle, including the name, address and telephone number of each employer.

16.     Describe all training provided by the Defendant to the driver involved in the collision forming the basis of this lawsuit.

17.     State whether any discipline or adverse action was imposed on the Defendant's driver as a result of the collision forming the basis of this lawsuit. If so, describe the action with particularity.

18.     Identify all inspections performed on the commercial motor vehicle involved in the collision forming the basis of this lawsuit for one (1) year prior to the collision. For each such inspection, identify whether the inspection revealed any defects, and describe any such defects with particularity.

19.     State whether the driver of the commercial motor vehicle involved in the collision forming the basis of this lawsuit had, on the date of the collision and during the five (5) years prior to the collision, a medical or physical condition that required a physician's report or letter of approval to drive a commercial motor vehicle. If so, state the nature of the condition, the date of diagnosis and identify the treating physician by name and address.

20.     State whether the driver consumed any alcohol within thirty-six (36) hours of the collision forming the basis of this lawsuit. If so, identify the type and quantity of alcohol consumed, where the alcohol was consumed and who was present with the driver when the alcohol was consumed.

21.     State whether the driver consumed any medication or illegal drugs in the thirty-six (36) hours prior to the collision. If so, identify the type and quantity of the substance consumed, and, for all prescription medications, the name and address of the prescribing physician.

22.     State the name and address of each witness who will testify at trial in this case.

23.     State whether there were any other occupants of the Defendant driver's vehicle at the time of the collision forming the basis of this lawsuit. If so, identify each such occupant by name and address.

24.     State all federal motor carrier numbers and/or DOT numbers issued to the Defendant.

25.     Identify each expert witness you intend to call at the trial of this lawsuit, and provide a full summary of the information required by *Alabama Rule of Civil Procedure* 26 for each such expert witness.

26.     Identify each step in the hiring process taken by the Defendant at the time the driver was hired.

27.     State whether the commercial motor vehicle was equipped, at the time of the collision forming the basis of this lawsuit, with a GPS, satellite communication and/or e-mail communication device.  If so, identify the make and model of the system.

28.     State whether the commercial motor vehicle involved in the crash has an on-board computer or a device used for generating service logs or for the purpose of log auditing.  If so, identify the computer and software used.

29.     State whether the commercial motor vehicle was equipped with any kind of on-board recording device, whether such device is designed to record data, audio or video.  If so, state the type of device and what information is capable of being recorded by the device.

## REQUESTS FOR PRODUCTION

1.     Produce all existing maintenance, inspection and repair records/work orders pertaining to the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

2.     Produce all existing daily driver inspection reports for the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

3.     Produce the driver's complete personnel file.

4.      Produce the driver's complete human resources file.

5.      Produce the driver's complete driver qualification file.

6.      Produce the driver's complete medical qualification file.

7.      Produce a legible color copy of the driver's commercial driver's license, front and back.

8.      Produce legible color copies of photographs, video, computer-generated media and/or other recordings of the interior or exterior of the vehicles involved in the collision forming the basis of this lawsuit.

9.      Produce legible color copies of photographs, video, computer-generated media and/or other recordings of the scene of the collision forming the basis of this lawsuit.

10.     Produce legible color copies of photographs, video, computer-generated media and/or other recordings of the Plaintiff generated pursuant to surveillance of the Plaintiff.

11.     Produce the driver's post-collision alcohol and drug testing results.

12.     Produce any lease contracts covering the driver, any other Defendant or the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

13.     Produce any post-collision maintenance, inspection, repair records or invoices pertaining to the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

14.     Produce all service logs, official or unofficial, pertaining to the Defendant driver for the thirty (30) days prior to and the thirty (30) days after this incident, including the date of the incident.

15.     Produce all records pertaining to the driver or the commercial motor vehicle involved in the collision for the day of this collision and the seven (7) day period preceding the

collision, consisting of all "supporting documents" you are required to maintain under 49 C.F.R. §395.8(k) and subsequent guidance and interpretation concerning said documents.

16.    Produce all DOT inspection reports filed concerning the Defendant driver for the year of the incident, three (3) years prior to the incident and three (3) years after the incident.

17.    Produce all DOT and state inspection reports pertaining to the commercial motor vehicle involved in this incident for the year of the incident and the year prior to the incident.

18.    Produce any emails, electronic messages, letters, memos, correspondence or other communications generated by or received by any Defendant and pertaining in any way to this collision.

19.    Produce any drivers' manuals, guidelines, rules or regulations given to drivers by any Defendant.

20.    Produce any reports, memos, notes, logs or other documents evidencing complaints about the driver involved in the collision forming the basis of this lawsuit.

21.    Produce any downloadable data retrieved from any satellite tracking system, satellite communications system or other such similar module for the seven (7) days prior to the incident and including the day of the incident.

22.    Produce all OmniTRAC, Qualcomm, MVPC, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS and other similar systems' data for the six (6) months prior to the collision pertaining to this commercial motor vehicle.

23.    Produce all data recorded by any kind of video recording system, such as DriveCam, Safety Vision or other such systems, pertaining to this commercial motor vehicle for the seven (7) days prior to the incident and including the day of the incident.

24.     Produce all data recorded by any kind of accelerometer recording system, including the "Witness" system, for the seven (7) days prior to the incident and including the day of the incident.

25.     Produce all data recorded by the Electronic Control Module (ECM) for the seven (7) days prior to the incident and including the day of the incident, including all possible retrievable data and the clock calibration files.

26.     Produce all data recorded by any Airbag Control Module (ACM), Powertrain Control Module (PCM), Roll Over Sensor (ROS) or Anti-Lock Brake System (ABS) module for the seven (7) days prior to the incident and including the day of the incident.

27.     Produce all data recorded by any Event Data Recorder (EDR) for the seven (7) days prior to the incident and including the day of the incident.

28.     Produce all diagrams, surveys, sketches or reproductions of the vehicles or the scene of the collision forming the basis of this lawsuit.

29.     Produce all manuals, statutes, standards, guidelines, rules, regulations or procedures that the Defendant will use or rely upon in the defense of the Plaintiffs' lawsuit.

30.     Produce all books, texts, publications, journals, pamphlets, treatises or other documents that the Defendant will use or rely upon in the defense of the Plaintiffs' lawsuit.

31.     Produce all documents, exhibits or other tangible or demonstrative evidence that the Defendant will introduce into evidence, use at a deposition or use at trial in this case.

32.     Produce all documents pertaining to any arrests or convictions of the driver.

33.     Produce all documents pertaining to medications being taken by or prescribed to the driver of the commercial motor vehicle in this case.

34.     Produce all accident reports, police reports and/or investigation reports regarding the collision forming the basis of this lawsuit.

35.     Produce all training or instructional videotapes, CD's, DVD's, electronic modules, books or other documents or materials used by the Defendant to train any of its drivers at any time during the five (5) years prior to the collision forming the basis of this lawsuit.

36.     Produce a copy of all wrecker and/or tow truck records pertaining to the vehicle operated by the driver at the time of the collision forming the basis of this lawsuit.

37.     Produce a copy of the truck and trailer title, licenses and registration for the vehicle being operated at the time of the collision forming the basis of this lawsuit.

38.     Produce a copy of any placards displayed on the commercial motor vehicle being operated at the time of the collision forming the basis of this lawsuit.

39.     Produce a copy of any and all primary and excess insurance policies, including applications, renewal applications, binders, declarations, endorsements and riders, which may provide any coverage for the collision forming the basis of this lawsuit.

40.     Produce all documents pertaining to the purchase or lease of the commercial motor vehicle involved in the collision forming the basis of this lawsuit.

41.     Produce all documents pertaining to any disciplinary actions taken against the driver of the commercial motor vehicle involved in the collision forming the basis of this lawsuit at any time during the three (3) years prior to the collision.

42.     Produce all documents pertaining to the Defendant's policies and procedures relating to alcohol and drug testing of drivers.

43.     Produce all statements, whether written, summarized and/or recorded on audio or video, taken of the Plaintiff at any time subsequent to the collision forming the basis of this lawsuit.

44.     Produce all cell phone records pertaining to calls made or received by the driver on the date of the collision forming the basis of this lawsuit; alternatively, state the name of the driver's cell phone provider and the phone number and account number assigned by the cell phone provider.

45.     Produce copies of all resumes or similar documents setting forth the educational background and qualifications of each expert witness expected to testify at the trial of this case.

46.     Produce copies of all documents or other materials the Defendant has obtained or will obtain during the course of this litigation by Rule 45 subpoena(s).

Dated: This, the 27th day of November, 2018.


                                        /s/ Andrew J. Moak
                                        Andrew J. Moak (MOA001)
                                        Attorney for the Plaintiffs


OF COUNSEL:
SHUNNARAH INJURY LAWYERS, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233
P (205) 983-8163
F (205) 983-8463


**TO BE SERVED WITH THE COMPLAINT**

DOCUMENT 10


ELECTRONICALLY FILED
2/6/2019 11:59 AM
01-CV-2018-904746.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **CARTAVIOUS WASHINGTON, an individual,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CV-2018-904746** |
| | ) | |
| **TRANS TEXAS EXPRESS, INC., a foreign corporation;** *et al.,* | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION TO TRANSFER VENUE AND MOTION TO EXTEND TIME TO PERFECT SERVICE

COMES NOW Cartavious Washington, Plaintiff in the above-styled civil action, by and through his undersigned counsel of record, and hereby files his Motion to Transfer Venue, stating as follows:

1.       The incident forming the basis of this incident occurred in Montgomery County, Alabama, as alleged in the Plaintiff's Complaint.  The Plaintiff intended to file this case in Montgomery County, Alabama, which is the proper venue for the lawsuit, but inadvertently selected Jefferson County as the venue.

2.       Accordingly, the undersigned requests that the Court grant his Motion to Transfer Venue, transferring this case to the Circuit Court of Montgomery County, Alabama for further litigation.

3.       Additionally, the Plaintiff requests that the Court allow additional time for the Plaintiff to perfect service on Defendant Trans-Texas Express, Inc.  Upon transfer of venue, the undersigned will file an alias summons and engage a process server to perfect personal service on the Defendant's registered agent.

DOCUMENT 10

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Cartavious Washington, requests that the Court grant the Plaintiff's request for an extension of time to perfect service and transfer this case to Montgomery County Circuit Court for continued litgation.

**Dated:** This, the 6th day of February, 2019.

/s/ Andrew J. Moak
Andrew J. Moak (MOA001)
Attorney for the Plaintiffs

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233
P (205) 983-8163
F (205) 983-8463

Exhibit 3

(Anderson Affidavit and Attachments)

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| CARTAVIOUS WASHINGTON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRANS TEXAS EXPRESS, | ) | |
| INC., ET. AL. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF DAVID ANDERSON

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF MONTGOMERY | ) |

Before me, the undersigned authority, personally appeared, David M. Anderson, who is being known to me and by me first duly sworn, deposes and states as follows:

1. My name is David M. Anderson. I am the President of Premier Capitol Adjusters and am over the age of nineteen, and I state the following facts based upon my own personal knowledge and belief:

2. I testify that I have personal knowledge of and can authenticate the attached pictures to this Affidavit.

3. I personally took the attached pictures to this Affidavit some time in the spring of 2017.

1

4. The attached pictures (Exhibit A1-9 ) fairly and accurately represent the vehicle that was operated by Walter O. Griffin on or about January 31, 2017 after the subject accident.

5. The attached pictures (Exhibit B 1-4) fairly and accurately represent the vehicle that was operated by Pedro Fernandez on or about January 31, 2017 after the subject accident.

Further affiant saith not.

_____
David M. Anderson

STATE OF ALABAMA            )

COUNTY OF Montg            )

I, Cornelia C. Harris            , a Notary Public, in and for the said County in said State, hereby certify that **David M. Anderson**, whose is name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the foregoing instrument, he executed the same voluntarily.

SWORN TO and SUBSCRIBED before me this 6 day of Dec            , 2018.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES: 6-22-22

2

**Exhibit A-1**

**Photo of Walter Griffin's Ford Truck, Front Side**



Exhibit A-2

Photo of Walter Griffin's Ford Truck, Front **Passenger's Side**



Exhibit A-3

Photo of Walter Griffin's Ford Truck, Front Driver's Side



Exhibit A-4

Photo of Walter Griffin's Ford Truck, Front Driver's Side-Missing Headlight



**Exhibit A-5**

**Photo of Walter Griffin's Ford Truck, Front Driver's Side-Missing Front Tire**



Exhibit A-6

Photo of Walter Griffin's Ford Truck, Damaged Driver's Door



Exhibit A-7

Photo of Walter Griffin's Ford Truck, Damaged Driver's Side



Exhibit A-8

Photo of Walter Griffin's Ford Truck, Damaged Back Door on Driver's Side



Exhibit A-9

Photo of Walter Griffin's Ford Truck, Back Side



Exhibit B-1

Trans Texas' Kenworth Tractor Trailer, Front Side



Exhibit B-2

**Trans Texas' Kenworth Tractor Trailer, Passenger's Side**



Exhibit B-4

Trans Texas' Kenworth Tractor Trailer, Damaged Trailer On Passenger's Side



Exhibit 4


(Pictures of the Scene of the Accident)

















Exhibit 5


(Accident Report)

AST-27
REV. 06/08

Sheet 1

# ALABAMA UNIFORM TRAFFIC CRASH REPORT

| Check if Amendment | | Check if Error Correction | |
|---|---|---|---|

| # Vehicles 3 | # Pedestr. 0 | # Injured 1 | # Fatalities 0 | Unit 1 Type 3 | Unit 2 Type 11 |
|---|---|---|---|---|---|

DPS Case No. 7612264
Case No. 2017-23007

## LOCATION AND TIME

| Date | Month 01 | Day 31 | Year 2017 | Time 1750 MT | Day of Week Tue | County Montgomery | City Montgomery | Rural | Local Zone 22 |
|---|---|---|---|---|---|---|---|---|---|

| Hwy Class. 1 | On Street, Road, Highway I-85 | At Intersection of or Between (Node 1) ATLANTA HWY | And (Node 2) TAYLOR RD |
|---|---|---|---|

| I085 | (On) Street/ Road/Highway <— Code 7730 | 1 2 <— —> Node Code 15231 | 217.00 Feet | From Node 1 |
|---|---|---|---|---|

| Mile Post 10.7 | Control Access Hwy Loc 1 | Primary Contrib Circums 22 | Primary Contributing Unit # Unknown | First Harmful Event 22 | First Harmful Event Location 1 | Most Harmful Event 22 |
|---|---|---|---|---|---|---|

| Distance to Fixed Object N/A feet | Roadway Junction/ Feature 1 | Manner of Crash 10 | Lat Coordinate 32° 22' 1.026" N | Long Coordinate 86° 8' 39.702" W | Coordinate Type 1 | Hwy Side 1 |
|---|---|---|---|---|---|---|

| School Bus Related 1 | Crash Severity C | Distracted Driving 97 |
|---|---|---|

### UNIT NO 1

| Driver Full Name WALTER OTHA GRIFFIN JR | Street Address 237 TENSAW RD | City and State MONTGOMERY AL | ZIP 36117 | Telephone (334) 279-0497 |
|---|---|---|---|---|

| DOB Month 02 | Day 20 | Year 1941 | Race 1 | Sex 1 | DL State AL | Driver License No. 6258103 | DL Class D | DL Status C | Restrict Violations 97 | CDL Status 97 | Endorse Violations 97 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Place of Employment 97 | Residence Less Than 25 Miles Yes |
|---|---|

| Liability Insurance Co. Starr Companies | Liability Policy No. SIANCA01047700 | Insurance NAIC Number |
|---|---|---|

| Driver Condition 1 | Sobriety/ Officer Opinion | Alcohol: No Drugs: No | Type Alcohol Test Given 6 | Alcohol Test Results N/A | Type Drug Test Given 4 | Drug Test Results 97 | Maneuver 1 |
|---|---|---|---|---|---|---|---|

| Most Harmful Event for MV 22 | Travel Road Name I-85 | Road Code I085 | Travel Direction 4 | Unit Contributing Circumstance 97 | Total Injuries in Unit 0 |
|---|---|---|---|---|---|

| Sequence of Events | Event 1 22 | Event 2 97 | Event 3 97 | Event 4 97 | First Harmful Event Location 1 | Areas Damaged Are Shaded |
|---|---|---|---|---|---|---|

| Veh Year 2000 | Make FORD | Veh Model F250 4X4 XL SUPERCAB | Body 2 | V.I.N. 1FTNX21F1YEC04515 | 14 | Under Carriage |
|---|---|---|---|---|---|---|

| Owner's Name Same | License Tag Number 5851AG6 | State AL | Year 2017 |
|---|---|---|---|

| Street or R.F.D. Same | City | State | Zip |
|---|---|---|---|

| Type 3 | Usage 1 | Emergency Status 97 | Placard Status 3 | Placard Required 97 | Hazardous Cargo 97 | Hazardous Cargo Released? 97 |
|---|---|---|---|---|---|---|

| Attachment 1 | Oversized Load N/A | If Yes, Did Owner Have Permit? N/A | Contrib Defect 1 | Speed Limit 70 MPH | Est Speed Unk MPH | Citation Offense(s) Charged None |
|---|---|---|---|---|---|---|

| Damage Severity 4 | Towed? 1 | Vehicle Towed By Whom: SEAMON WRECKER |
|---|---|---|

| Towed To Where: SEAMON WRECKER |
|---|

Point of Initial Impact 11

### UNIT NO 2

| Driver Full Name PEDRO H FERNANDEZ | Street Address 313 PINTO VALLE DR | City and State LAREDO TX | ZIP 78045 | Telephone (956) 285-6619 |
|---|---|---|---|---|

| DOB Month 03 | Day 17 | Year 1985 | Race 3 | Sex 1 | DL State MX | Driver License No. CHIH110533 | DL Class B | DL Status C | Restrict Violations 97 | CDL Status C | Endorse Violations 97 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Place of Employment 97 | Residence Less Than 25 Miles Yes |
|---|---|

| Liability Insurance Co. LICONIA INS GROUP | Liability Policy No. MAT-003500-30438 | Insurance NAIC Number N/A |
|---|---|---|

| Driver Condition 1 | Sobriety/ Officer Opinion | Alcohol: No Drugs: No | Type Alcohol Test Given 6 | Alcohol Test Results N/A | Type Drug Test Given 4 | Drug Test Results 97 | Maneuver 1 |
|---|---|---|---|---|---|---|---|

| Most Harmful Event for MV 22 | Travel Road Name I-85 | Road Code I085 | Travel Direction 4 | Unit Contributing Circumstance 97 | Total Injuries in Unit 0 |
|---|---|---|---|---|---|

| Sequence of Events | Event 1 22 | Event 2 22 | Event 3 11 | Event 4 97 | First Harmful Event Location 1 | Areas Damaged Are Shaded |
|---|---|---|---|---|---|---|

| Veh Year 2011 | Make KW | Veh Model TT | Body 97 | V.I.N. 1XKAD49X3BJ290851 | 14 | Under Carriage |
|---|---|---|---|---|---|---|

| Owner's Name TRANS TEXAS EXPRESS | License Tag Number R285447 | State TX | Year 2017 |
|---|---|---|---|

| Street or R.F.D. 313 PINTO VALLE DR | City LAREDO | State TX | Zip 78045 |
|---|---|---|---|

| Type 11 | Usage 6 | Emergency Status 97 | Placard Status 3 | Placard Required 2 | Hazardous Cargo 1 | Hazardous Cargo Released? 97 |
|---|---|---|---|---|---|---|

| Attachment 7 | Oversized Load No | If Yes, Did Owner Have Permit? N/A | Contrib Defect 1 | Speed Limit 70 MPH | Est Speed Unk MPH | Citation Offense(s) Charged None |
|---|---|---|---|---|---|---|

| Damage Severity 4 | Towed? | Vehicle Towed By Whom: SEAMON WRECKER |
|---|---|---|

| Towed To Where: SEAMON WRECKER |
|---|

Point of Initial Impact 15

**UNIT NO** 3

## DRIVER

| Driver Full Name | Street Address | City and State | ZIP | Telephone |
|---|---|---|---|---|
| CARTAVIOUS KIANTE WASHINGTON | 112 BAY ST | TUSKEGEE AL | 36083 | 97 |

| DOB | Month 11 | Day 21 | Year 1994 | Race 2 | Sex 1 | DL State AL | L | License No 8563865 | DL Class D | DL Status R | Res. Violations 97 | CDL Status 97 | Endorse Violations 97 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Place of Employment 97 | Residence Less Than 25 Miles: Yes |
|---|---|

| Liability Insurance Co. Progressive | Liability Policy No. 58341037 | Insurance NAIC Number |
|---|---|---|

| Driver Condition 1 | Sobriety/Officer Opinion — Alcohol: No Drugs: No | Type Alcohol Test Given 6 | Alcohol Test Results N/A | Type Drug Test Given 4 | Drug Test Results 97 | Maneuver 1 |
|---|---|---|---|---|---|---|

| Most Harmful Event for MV 22 | Travel Road Name I-85 | Road Code 1085 | Travel Direction 4 | Unit Contributing Circumstance 97 | Total Injuries in Unit 1 |
|---|---|---|---|---|---|

| Sequence of Events | Event 1 22 | Event 2 97 | Event 3 97 | Event 4 97 | First Harmful Event Location 1 |
|---|---|---|---|---|---|

Areas Damaged Are Shaded

## VEHICLE

| Veh Year 2012 | Make HYUN | Veh Model ELANTRA | Body 2 | V.I.N. 5NPDH4AE2CH136908 |
|---|---|---|---|---|

14 Under Carriage

| Owner's Name Peavey Lakendra | License Tag Number 43FV105 | State AL | Year 2017 |
|---|---|---|---|

| Street or R.F.D. 132 LEE RD 953 | City AUBURN | State AL | Zip 368320000 |
|---|---|---|---|

| Type 1 | Usage 1 | Emergency Status 97 | Placard Status 3 | Placard Required 97 | Hazardous Cargo 97 | Hazardous Cargo Released? 97 |
|---|---|---|---|---|---|---|

| Attachment 1 | Oversized Load N/A | If Yes, Did Owner Have Permit? N/A | Contrib Defect 1 | Speed Limit 70 MPH | Est Speed Unk MPH | Citation Offense(s) Charged None |
|---|---|---|---|---|---|---|

| Damage Severity 4 | Towed? 1 | Vehicle Towed By Whom: SEAMON WRECKER |
|---|---|---|

| Towed To Where: SEAMON WRECKER |
|---|

Point of Initial Impact 1

---

## Seating Position Codes

| 2, 4, or 6 Passenger | 9 Passenger (add): | 12 Passenger (add): | Bicycle, Motorcycle, ATV |
|---|---|---|---|
| 1 2 3 / 4 5 6 | 7 8 9 | 17 18 19 | 10 / 11 |

12 - Pedestrian
13 - Rider of Domestic Animal
14 - Occ. of Non-Motorized Vehicle
15 - Passenger of Bus
16 - Not in Passenger Compartment
97 - Not Applicable
98 - Other (Explain)
99 - Unknown

---

## UNINJURED OCCUPANTS

| Unit No | Seat Pos | Occ. Type | Safety Equip. | Air-bag | Age Code | Sex | Ejec-tion | Birth Date | Unit No | Seat Pos | Occ. Type | Safety Equip. | Air-bag | Age Code | Sex | Ejec-tion | Birth Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | 2 | 2 | 9 | 1 | 1 | 02/20/1941 | 2 | 1 | 1 | 2 | 1 | 8 | 1 | 1 | 03/17/1985 |

---

## VICTIMS

N/A ☐

| Unit No | Seat Pos | Occ Type | Safety Equip. | Air-bag | Injury Type | Age | Sex | Ejec-tion | First Aid By |
|---|---|---|---|---|---|---|---|---|---|
| 3 | 1 | 1 | 2 | 2 | 4 | 7 | 1 | 1 | 1 |

| Name CARTAVIOUS KIANTE WASHINGTON |
|---|
| Address 112 BAY ST TUSKEGEE AL 36083 |

| Taken To BAPTIST SOUTH | Taken By HAYNES |
|---|---|

| Medical Facility EMS ground | Birth Date 11/21/1994 |
|---|---|



## NARRATIVE

THE DRIVER OF UNIT ONE STATED THAT AFTER HE ENTERED I-85 FROM THE ON RAMP AT ATLANTA HWY UNIT TWO CAME INTO HIS LANE CAUSING THE COLLISION.

THE DRIVER OF UNIT TWO STATED THAT HE WAS IN THE MIDDLE LANE WHEN UNIT ONE CAME INTO HIS LANE CAUSING THE COLLISION. ONCE UNIT ONE STRUCK HIS VEHICLE IT CAUSED HIM TO GO TO THE LEFT AND COLLIDE WITH UNIT THREE.

THE DRIVER OF UNIT THREE WAS UNABLE TO GIVE A STATEMENT ON THE SCENE.

A D.O.T. INSPECTION WAS PERFORMED ON UNIT TWO AND NO VIOLATIONS WERE FOUND.

## ROADWAY ENVIRONMENT

| Unit No. | 1 | Involved Road/ Bridge | 1 | Road Surface Type | 1 | Roadway Condition | 1 | Workzone Related? | 1 | Workzone Type | 97 | Workers Present? | NotApplicable | | Workzone Law Enforcement Present? | 97 | Contributing Circumstances Environment | 1 | Contrib Matl in Roadway | 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Contrib Material Source | 97 | Rdway Curve & Grade | 1 | Vision Obscur ed By | 1 | Traffic Control | 1 | Traffic Control Functioning | 97 | Opposing Lane Separation | 1 | Trafficway Lanes | 3 | Turn Lanes | 97 | One- Way Street | No | Total # Occupant s In Unit | 1 | Total # Injured in Unit | 0 | Total # Killed in Unit | 0 |
| Total Number of Units | 3 | | | Light | 5 | | | Weather | 1 | | | Locale | 3 | | | Police Present? | No | | | DOT Railroad Crossing No. | N/A | | |

| Unit No. | 2 | Involved Road/ Bridge | 1 | Road Surface Type | 1 | Roadway Condition | 1 | Workzone Related? | 1 | Workzone Type | 97 | Workers Present? | NotApplicable | | Workzone Law Enforcement Present? | 97 | Contributing Circumstances Environment | 1 | Contrib Matl in Roadway | 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Contrib Material Source | 97 | Rdway Curve & Grade | 1 | Vision Obscur ed By | 1 | Traffic Control | 1 | Traffic Control Functioning | 97 | Opposing Lane Separation | 1 | Trafficway Lanes | 3 | Turn Lanes | 97 | One- Way Street | No | Total # Occupant s In Unit | 1 | Total # Injured in Unit | 0 | Total # Killed in Unit | 0 |
| Total Number of Units | 3 | | | Light | 5 | | | Weather | 1 | | | Locale | 3 | | | Police Present? | No | | | DOT Railroad Crossing No. | N/A | | |

## ROADWAY ENVIRONMENT

| Unit No. | 3 | Involved Road/ Bridge | 1 | Road Surface Type | 1 | Roadway Condition | 1 | Workzone Related? | 1 | Workzone Type | 97 | Workers Present? | NotApplicable | | Workzone Law Enforcement Present? | | 97 | Contributing Circumstances Environment | 1 | Contrib Matl In Roadway | 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Contrib Material Source | 97 | Rdway Curve & Grade | 1 | Vision Obscur ed By | 1 | Traffic Control | 1 | Traffic Control Functioning | 97 | Opposing Lane Separation | 1 | Trafficway Lanes | 3 | Turn Lanes | 97 | One-Way Street | No | Total # Occupant s In Unit | 1 | Total # Injured In Unit | 1 | Total # Killed In Unit | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Total Number of Units | 3 | Light | 5 | Weather | 1 | Locate | 3 | Police Present? | No | DOT Railroad Crossing No. | N/A |
|---|---|---|---|---|---|---|---|---|---|---|---|

## INVESTIGATION

| Name of Photographer | N/A | | |
|---|---|---|---|
| Time Police Notified 1752 MT | Time Police Arrived 1800 MT | Time EMS Arrived 1800 MT | EMS Response Run # R97 |
| Name of Investigating Officer S P MANUEL | | Officer ID 2025 | Agency ORI AL0030100 |
| Name of Investigating Officer A M PILGREEN | | Officer ID 1831 | Agency ORI AL0030100 |

The data on this report reflects the best knowledge, opinion, and belief regarding the crash, but no warrant is made as to the factual accuracy thereof.

Unit No. __2__
(same as on main report)

# ALABAMA UNIFORM TRAFFIC CRASH REPORT
## Truck/Bus Supplemental Sheet

AST-27B Rev. 06/08

## General Instructions

*Complete this form each qualifying vehicle* ONLY *if the crash meets* BOTH *of the Following criteria:*

1. The crash involved a qualifying vehicle (a truck with a gross vehicle weight rating (GVWR) or a gross combination weight rating (GCWR) of more than 10,000 pounds, or Haz/Mat placard, or a vehicle designed to carry nine 9 or more, including driver) and;

2. The crash resulted in at least one of the following:  A.  one or more fatalities   B.  one or more persons injured and taken from the scene for immediate medical attention, or  C.  one or more involved vehicles had to be towed from the scene as a result of disabling damage or had to receive assistance to leave.

## Screening Information

*Number of Qualifying Vehicles:*

Trucks with GVWR or GCWR of more than
10,000 pounds or Haz/Mat placard    __1__

Buses designed to carry 9 or more (including driver)    __0__

*Number of Persons:*

Sustaining fatal injuries    __0__

Transported for  immediate medical treatment    __1__

Number of vehicles towed from scene due to damage    __3__

## Vehicle Information

*Weight Rating of Power Unit of the Truck*

3. - More than 26,000 pounds

*Hazardous Material Involvement*

Did vehicle have a Haz/Mat placard? ☐
If Yes, include following information from placard
A. Name or 4-digit number from Diamond or box _____
B. The 1-digit number from bottom of diamond _____
Was hazardous material released from THIS vehicle's cargo? ☐

| *Vehicle Configuration* | *Bus Usage* |
|---|---|
| 9. - Tractor with semi-trailer | 1. - Not a bus |

| *Cargo Body Type* | *Cargo Type* |
|---|---|
| 5. - Flatbed | 16. - Logs, poles, lumber |

## Motor Carrier Information

NOTE: If NOT a motor carrier, enter NONE under Carrier Name, 0 for None under Carrier Identification Numbers, and go to Sequence Of Events Section

*Carrier Name*  TRANS TEXAS EXPRESS

*Carrier Phone*

*Carrier Mailing Address (Street or P.O. Box)*  313 PINTO VALLE DR

*City, State, Zip*  LAREDO, TX 78045

*None = 0)*

*Motor Carrier Type*  1. - Interstate carrier

| *US DOT* 2785406 | *ICC MC*  N/A | *STATE NO.*  N/A |
|---|---|---|
| *STATE* | *OTHER COUNTRY AUTHORITY* | *COUNTRY*  N/A |

## Sequence of Events

| NOTE: for THIS vehicle -- list up to four | Event #1 | 13 | Event #2 | 3 | Event #3 | 97 | Event #4 | 97 |
|---|---|---|---|---|---|---|---|---|

| EVENT CODES | Non-Collision | 1. Ran off road | 2. Jackknife | 3. Overturned (rollover) | 4. Downhill runaway |
|---|---|---|---|---|---|
| | | 5. Cargo loss or shift | 6. Explosion or fire | 7. Separation of units | 8. Cross median/centerline |
| | | 9. Equipment Failure (brake failure, blown tires, etc.) | | 10. Other non-collision | 11. Unknown |
| | Collision with | 12. Pedestrian | 13. Motor Vehicle in Transport | 14. Parked Motor Vehicle | 15. Train |
| | | 16. Pedalcycle | 17. Animal | 18. Fixed object | 19. Work Zone Maintenance equipment |
| | | 20. Other movable object | | 21. Unknown movable object | |
| | Not applicable | 97. Not applicable | | | |

## Definitions

### Truck

A motor vehicle designed, used or maintained primarily for the transportation of property. For the purpose of this form the vehicle must also meet one of the following criteria:

* Have a GVWR or a GCWR of more than 10,000 pounds,  or
* Carry a Hazardous Material Placard

### Bus

A motor vehicle providing seats for 9 or more persons including the driver and used primarily for the transportation of persons.

### Trailer

A non-power vehicle towed by a motor vehicle.

### Reportable Crash

A highway related incident normally investigated by a police officer and reported on a standard crash report form involving one or more trucks or buses (as defined here) which results in:

* One or more fatalities,  or
* One or more non-fatal injuries requiring transportation for the purpose of obtaining immediate medical treatment,  or
* One or more of the vehicles being removed from the scene as a result of disabling damage,  or
* One or more of the vehicles requiring intervening assistance before proceding under its own power.

## Typical Vehicle Silhouettes

1. Passenger Vehicle



2. Light truck (van, mini-van, panel, pickup, sport utility vehicle)


3. Bus (seats for 9-15 people, including driver)


4. Bus (seats for more than 15 people, including driver)


5. Single unit truck - 2 axles / 6 tires


6. Single unit truck - 3 axles


7. Truck with trailer


8. Truck tractor (bobtail)


9.


10. Tractor with double trailers


11. Tractor with triple trailers


## Typical Hazardous Material Placards











## LEGEND

| Location | Category | Code | Description | Location | Category | Code | Description |
|---|---|---|---|---|---|---|---|
| Report Header | Unit Type | 11 | Tractor / semi-trailer | Driver | Phone Number Code | 97 | Not applicable |
| Report Header | Unit Type | 3 | Pick-up | Driver | Place of Employment | 97 | Not applicable |
| Location And Time | Contributing Circumstance | 22 | Improper lane change / use | Driver | Race | 1 | White / Caucasian |
| Location And Time | Contributing Unit | 0 | Unknown | Driver | Race | 2 | Black / African-American |
| Location And Time | Controlled Access Highway Location | 1 | Main road | Driver | Race | 3 | Hispanic |
| Location And Time | Coordinate Status | Known | Known | Driver | Residence Within 25 Miles | Yes | Yes |
| Location And Time | Coordinate Type | 1 | From computerized map | Driver | Travel Direction | 4 | West |
| Location And Time | Crash Manner | 10 | Sideswipe, same direction | Vehicle | Attachment | 1 | None |
| Location And Time | Crash Severity | C | Possible injury | Vehicle | Attachment | 7 | Large utility (2+ axles) |
| Location And Time | Distance Node Unit | 10 | Feet | Vehicle | Body | 2 | Four door |
| Location And Time | Distracted Driving | 97 | Not applicable (not distracted) | Vehicle | Body | 97 | Not applicable - not passenger car, personal van, or SUV |
| Location And Time | Harmful Event | 22 | Collision with vehicle in traffic | Vehicle | Citation Offense | 99 | None |
| Location And Time | Highway Classification | 1 | Interstate | Vehicle | Damage Severity | 4 | Major, disabled |
| Location And Time | Highway Side | 2 | Southbound | Vehicle | Defect | 1 | None |
| Location And Time | Roadway Feature | 1 | No special feature | Vehicle | Emergency Status | 97 | Not applicable |
| Location And Time | School Bus Related | 1 | No school bus involved | Vehicle | Estimated Speed Code | Unk | Unknown |
| Location And Time | Time Display Format | 20 | Military | Vehicle | Hazardous Cargo | 1 | None |
| Driver | Alcohol Test Type | 6 | No Test Given | Vehicle | Hazardous Cargo | 97 | Not applicable |
| Driver | Commercial Driver License Status | 97 | Not applicable / unlicensed | Vehicle | Hazardous Cargo Release Type | 97 | Not applicable |
| Driver | Commercial Driver License Status | C | Current / valid | Vehicle | K12 Child Going To Or From School | 0 | Not Set |
| Driver | Contributing Circumstance | 97 | Not applicable | Vehicle | Make | FORD | Ford |
| Driver | Driver Address Code | 0 | Not Set | Vehicle | Make | HYUN | Hyundai |
| Driver | Driver Condition | 1 | Apparently normal | Vehicle | Make | KW | Kenworth Truck Co. |
| Driver | Driver License Class Code | 0 | Not set | Vehicle | Non-Motorist Action | 0 | Not Set |
| Driver | Driver License Endorsement | 97 | Not applicable | Vehicle | Non-Motorist Location | 0 | Not Set |
| Driver | Driver License Number | 0 | Not set | Vehicle | Oversized Load | N/A | NotApplicable |
| Driver | Driver License Restriction | 97 | Not applicable | Vehicle | Oversized Load | No | No |
| Driver | Driver License State Code | 0 | Not set | Vehicle | Oversized Load Permit | N/A | NotApplicable |
| Driver | Driver License Status | C | Current / valid | Vehicle | Owner Address Code | 0 | Not Set |
| Driver | Driver License Status | R | Revoked | Vehicle | Owner Address Code | Same | Same |
| Driver | Driver Name Code | 0 | Not Set | Vehicle | Owner Name Code | | Not Set |
| Driver | Drug Test Result | 97 | Not applicable | Vehicle | Owner Name Code | Same | Same as driver |
| Driver | Drug Test Type | 4 | No test given | Vehicle | Placard Requirement | 2 | No |
| Driver | Gender | 1 | Male | Vehicle | Placard Requirement | 97 | Not applicable |
| Driver | Harmful Event | 22 | Collision with vehicle in traffic | Vehicle | Placard Status | 3 | Not applicable (placard not required) |
| Driver | Liability Ins. Policy Code | 0 | Not Set | Vehicle | Tag Number | | Not set |
| Driver | Liability Insurance NAIC Number Code | | Not Set | Vehicle | Tag State | 0 | Not set |
| Driver | Liability Insurance NAIC Number Code | N/A | Not Applicable | Vehicle | Tag Year | 0 | Not set |
| Driver | Maneuver | 1 | Movement essentially straight | Vehicle | Tow Status | 1 | Towed due to disabling damage |
| Driver | Phone Number Code | 0 | Not Set | Vehicle | Towed Code | 0 | Not Set |

## LEGEND

| Location | Category | Code | Description | Location | Category | Code | Description |
|---|---|---|---|---|---|---|---|
| Vehicle | Unit Type | 1 | Passenger car | Roadway Environment | Trafficway Lane Count | 3 | Three lanes |
| Vehicle | Unit Type | 11 | Tractor / semi-trailer | Roadway Environment | Turn Lane Presence | 97 | Not applicable |
| Vehicle | Unit Type | 3 | Pick-up | Roadway Environment | Vision Obscuration | 1 | Not obscured |
| Vehicle | Usage | 1 | Personal vehicle | Roadway Environment | Weather Condition | 1 | Clear |
| Vehicle | Usage | 6 | Cargo Transportation | Roadway Environment | Workzone Law Enforcement Presence | 97 | Not applicable |
| Vehicle | VIN | 0 | Not set | Roadway Environment | Workzone Relationship | 1 | Not in / related to workzone |
| Vehicle | Year | | Not set | Roadway Environment | Workzone Type | 97 | Not applicable |
| Uninjured Occupants | Age Code | 8 | 26 - 64 | Truck/Bus Supplement | Bus Usage | 1 | Not a bus |
| Uninjured Occupants | Age Code | 9 | 65 or older | Truck/Bus Supplement | Cargo Body Type | 5 | Flatbed |
| Uninjured Occupants | Airbag | 1 | Not installed | Truck/Bus Supplement | Cargo Type | 16 | Logs, poles, lumber |
| Uninjured Occupants | Airbag | 2 | Not deployed, no switch | Truck/Bus Supplement | Carrier Address Code | 0 | Not Set |
| Uninjured Occupants | Birth Date Code | 0 | Not Set | Truck/Bus Supplement | Carrier Name Code | 0 | Not Set |
| Uninjured Occupants | Ejection Status | 1 | Not ejected or trapped | Truck/Bus Supplement | Carrier Phone Code | 0 | Not Set |
| Uninjured Occupants | Gender | 1 | Male | Truck/Bus Supplement | Country Number Code | N/A | Not applicable |
| Uninjured Occupants | Occupant Type | 1 | Driver | Truck/Bus Supplement | ICCMC Number Code | N/A | Not applicable |
| Uninjured Occupants | Safety Equipment | 2 | Shoulder and lap belt used | Truck/Bus Supplement | Motor Carrier Type | 1 | Interstate carrier |
| Victims | Age Code | 7 | 21 - 25 | Truck/Bus Supplement | State Number Code | N/A | Not applicable |
| Victims | Airbag | 2 | Not deployed, no switch | Truck/Bus Supplement | USDOT Number Code | 0 | Not Set |
| Victims | Birth Date Code | 0 | Not Set | Truck/Bus Supplement | Vehicle Configuration | 9 | Tractor with semi-trailer |
| Victims | Ejection Status | 1 | Not ejected or trapped | Truck/Bus Supplement | Weight Rating | 3 | More than 26,000 pounds |
| Victims | First Aid Provider | 1 | Paramedic / EMT | | | | |
| Victims | Gender | 1 | Male | | | | |
| Victims | Injury Type | 4 | Not visible but complains of pain | | | | |
| Victims | Medical Facility Transport | 2 | EMS ground | | | | |
| Victims | Occupant Type | 1 | Driver | | | | |
| Victims | Safety Equipment | 2 | Shoulder and lap belt used | | | | |
| Victims | Victim Taken By | | Not Set | | | | |
| Victims | Victim Taken To | | Not Set | | | | |
| Roadway Environment | Environmental Contributing Circumstance | 1 | None apparent | | | | |
| Roadway Environment | Light Condition | 5 | Dark, spot illumination, one side of roadway | | | | |
| Roadway Environment | Locale | 3 | Shopping or business | | | | |
| Roadway Environment | Opposing Lane Separation | 1 | None | | | | |
| Roadway Environment | Road Bridge Condition | 1 | None apparent | | | | |
| Roadway Environment | Road Surface Type | 1 | Asphalt | | | | |
| Roadway Environment | Roadway Condition | 1 | Dry | | | | |
| Roadway Environment | Roadway Curvature And Grade | 1 | Straight, level | | | | |
| Roadway Environment | Roadway Material | 1 | None | | | | |
| Roadway Environment | Roadway Material Source | 97 | Not applicable | | | | |
| Roadway Environment | Traffic Control | 1 | No controls present | | | | |
| Roadway Environment | Traffic Control Status | 97 | Not applicable | | | | |